UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | Crim. No. 3:12cr164 (JBA) |
| v. | |
| HECTOR MORALES | January 26, 2016 |

**RULING DENYING DEFENDANT'S MOTION FOR REDUCTION IN SENTENCE**

On April 18, 2013, Defendant Hector Morales was convicted [Doc. # 189] of one count of Conspiracy to Distribute and to Possess with the Intent to Distribute Narcotics, in violation of 21 U.S.C. § 846, three counts of Accessory after the Fact to Arson Resulting in the Deaths of Three Individuals, in violation of 18 U.S.C. § 3, one count of Witness Tampering, in violation of 18 U.S.C. § 1512(b)(1), one count of Conspiracy to Tamper with Witnesses, in violation of 18 U.S.C. 1512(h), and one count of Destruction and Concealment of Evidence, in violation of 18 U.S.C. § 1519. He was sentenced on January 8, 2015 to 174 months' imprisonment. He now moves [Doc. # 326], pursuant to 18 U.S.C. § 3582(c)(2), for a reduction in his sentence. For the following reasons, his motion is denied.

Under 18 U.S.C. § 3582(c)(2), "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" may move for a reduction in his sentence. Mr. Morales contends that he is eligible for such a reduction based on Amendment 782 to the United States Sentencing Guidelines. That Amendment, effective November 1, 2014, reduced by two levels the offense levels assigned to the quantities of controlled substances that trigger

the statutory mandatory minimum penalties in U.S.S.G. § 2D1.1 and made parallel changes to § 2D1.11.

However, as the Government notes in its opposition to Mr. Morales's motion [Doc. # 328], Mr. Morales's sentence was not determined by operation of § 2D1.1 or § 2D1.11. Rather, his counts of conviction formed three count groups, under U.S.S.G. §§ 2X3.1(a)(3), 2K1.4(c)(1), and 2A1.1(a).

Because Mr. Morales's sentence was not "based on a sentencing range that has subsequently by lowered by the Sentencing Commission," 18 U.S.C. § 3582(c)(2), he is not eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2). His Motion [Doc. # 326] for Reduction in Sentence is therefore DENIED.

IT IS SO ORDERED.

/s/_
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 26th day of January 2016.